The Full Commission has reviewed the award based upon the record of proceedings before the Deputy Commissioner and with reference to the errors alleged. Defendants argue that plaintiff did not prove that a specific traumatic incident occurred; and even if plaintiff did suffer a specific traumatic incident, there were no resulting compensable circumstances. After careful consideration, the Full Commission has determined that the defendants have not shown good grounds to amend the award. Therefore, the June 24, 1994 Opinion and Award is accordingly HEREBY AFFIRMED, and the findings of fact as set forth therein are hereby adopted by the Full Commission.
* * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were entered into by the parties as
STIPULATIONS
1. The parties were subject to and bound by the North Carolina Workers' Compensation Act at the time of the alleged incident.
2. The employer-employee relationship existed at the time of the alleged incident.
3. The Travelers Insurance Company was the carrier on the risk at the time of the alleged incident.
4. The date of the alleged incident was November 30, 1992.
5. The average weekly wage of the plaintiff at the time of the alleged injury was $700.00.
* * * * * * * * * * *
Based upon all of the competent evidence in the record, the Full Commission makes the following
FINDINGS OF FACT
1. On November 30, 1992 the plaintiff was thirty-eight years old and was employed by the defendant-employer as a foreman. His job consisted of removing old signal lines, supervising and taking down power transformers from poles and performing various other duties.
2. The plaintiff was working on November 30, 1992 near Roanoke, Virginia with Shane Singleton, a co-employee, and Alfred Fox, an employee of Norfolk Southern Railroad.
3. On said date, the plaintiff climbed approximately thirty feet on a pole and lifted a transformer weighing in the range of 280-420 pounds approximately one-half inch to an inch off a bracket to remove the transformer. When he lifted the transformer, plaintiff immediately felt a pain in his lower back. Plaintiff gave actual notice of his injury to his employer on either the day of occurrence or the day following his injury. After the transformer was lowered to the ground, plaintiff proceeded to help co-workers lift the transformer onto the truck. While lifting plaintiff experienced pain in his lower back of such severity that he collapsed onto the ground.
4. The plaintiff was not lifting the transformer in a normal manner. The normally correct way to lift the transformer off the bracket was with a block and tackle pulley system. The block and tackle system had been lost by an employee of the railroad approximately a week before the plaintiff injured his back. When the plaintiff lifted the transformer without the block and tackle pulley system, he injured his back.
5. The plaintiff sought medical treatment on December 1, 1992 with Dr. Nathaniel R. Tuck, a chiropractor, at Tuck Chiropractic Clinics in the Roanoke, Virginia area. Dr. Tuck diagnosed a lower back injury and treated plaintiff for low back pain.
6. On December 16, 1992, after returning to his home, the plaintiff began chiropractic treatment with Dr. John F. Farrell. Dr. Farrell diagnosed the plaintiff as having a lumbar sprain, complicated by degenerative spondylolisthesis. Dr. Farrell treated plaintiff from December 16, 1992 through April 5, 1993 at which time he determined that the plaintiff had reached maximum medical improvement. Dr. Farrell opined that plaintiff had an eight percent (8%) permanent partial disability to his back.
7. At the request of defendants, the plaintiff was also examined by Dr. John P. Spencer on December 17, 1992. Dr. Spencer declined to give a written opinion concerning the degree of plaintiff's disability when requested by defendant-carrier stating that he had not performed a disability evaluation on the plaintiff. During his deposition, Dr. Spencer expressed an opinion concerning plaintiff's degree of permanent partial impairment.
8. Even though Dr. Spencer and Dr. Frey expressed opinions concerning plaintiff's degree of permanent partial disability, the opinion of Dr. Farrell is accepted as being more persuasive on this issue in that he was the primary treating physician during the period immediately after plaintiff's injury, except for the brief period plaintiff was treated by Dr. Nathaniel Tuck. Plaintiff did not begin treatment with Dr. Laura K. Frey until June 6, 1993 for complaints resulting from his November 30, 1992 injury and plaintiff was only seen by Dr. Spencer on two occasions: December 17, 1992 and December 23, 1992. Also, prior to commencing treatment with Dr. Frey, plaintiff had reached maximum medical treatment, received a rating from Dr. Farrell and returned to work with a company other than defendant-employer.
9. Plaintiff had previously received medical treatment for prior job injuries; however, on November 30, 1992 plaintiff was working full time for defendant-employer and his prior conditions were not disabling.
10. Plaintiff has a congenital condition called spondylolisthesis, grade II, which was asymptomatic before his November 30, 1992 injury. Plaintiff sustained an injury by a specific traumatic incident arising out of and in the course of his employment on November 30, 1992 as a result of lifting a heavy transformer as described above. Said injury, which was diagnosed as lumbar strain, aggravated his pre-existing spondylolisthesis.
11. The plaintiff continued chiropractic treatment with Dr. Laura K. Frey from June 6, 1993 through December 3, 1993.
12. The plaintiff's average weekly wage was $700.00 yielding the maximum compensation rate of $426.00 per week.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission makes the following
CONCLUSIONS OF LAW
1. On November 30, 1992, the plaintiff suffered a specific traumatic incident arising out of and in the course of his employment with defendant-employer. N.C.G.S. § 97-2(6). The plaintiff is entitled to temporary total disability compensation at the rate of $426.00 per week from December 1, 1992 through April 5, 1993.
2. The plaintiff is entitled to compensation at the rate of $426.00 per week for twenty-four weeks for the eight percent (8%) permanent partial disability he sustained to his back as a result of this injury by accident. N.C.G.S. § 97-31(23).
3. The plaintiff is entitled to have the defendants provide all medical treatment arising from this injury by accident to the extent such treatment tends to effect a cure, give relief or lessen his disability and the treatment of Dr. Nathaniel Tuck, Dr. John Spencer, Dr. Laura Frey and Dr. John Farrell is hereby approved. N.C.G.S. § 97-25.
* * * * * * * * * * *
Based upon all of the foregoing, the Full Commission enters the following
AWARD
1. Subject to the attorney's fee for plaintiff's counsel awarded herein, defendants shall pay compensation to the plaintiff at the rate of $426.00 per week for temporary total disability for the time period from December 1, 1992 through April 5, 1993. Said compensation having accrued, it shall be paid in one lump sum.
2. Defendants shall pay compensation to the plaintiff at the rate of $426.00 per week for twenty-four weeks for his permanent partial disability of eight percent (8%) to the back.
3. Defendants shall pay all medical expenses incurred by the plaintiff as a result of this injury by accident when bills for same have been submitted through the defendants to the Industrial Commission and approved by the Commission.
4. An attorney's fee of twenty-five percent of the temporary total disability compensation and the permanent partial disability compensation due the plaintiff is hereby approved for plaintiff's counsel, which fee shall be deducted from the aforesaid Award and paid directly to counsel for plaintiff.
5. Defendants shall pay the costs due this Commission.
This the _____ day of __________________________, 1994.
 S/ _____________________ JAMES J. BOOKER COMMISSIONER
CONCURRING:
S/ ______________________ THOMAS J. BOLCH COMMISSIONER
S/ ______________________ COY M. VANCE COMMISSIONER
JJB:mj 11/30/94